While I agree with the majority that the portion of the trial court's judgment entry concerning the contempt charge and the trial court's order granting the stay are not final, appealable orders, I respectfully dissent as to this Court's disposition on Husband's motion to terminate spousal support.
The trial court found that there were no changed circumstances that were not contemplated at the time of the divorce. The original divorce decree stated that the "[Husband's] law practice is sufficiently diverse to enable him to earn $110,000 to $115,000 annually." It is clear from this statement that the court contemplated Husband would continue to earn similar wages after the divorce.
The trial court did not find that the figures submitted as Husband's income were not accurate, nor did it allude to some theory that additional income ought to be attributed to husband. The trial court thus seems to have accepted that the husband's income from work has fallen from over $100,000 per year to around $20,000 per year, while the wife's income from work is around $25,000 per year, and her income from other sources is about twice that amount.
In the face of such numbers, the trial court's ruling that there was no change of circumstances is incomprehensible. Moreover, such numbers do not warrant requiring the husband to continue to pay spousal support.
I would reverse the judgment of the trial court as to the denial of Husband's motion to terminate spousal support.